UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BUSCH PROPERTIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV2318 SNLJ |
| | ) | |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | ) ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

This case involves a dispute over coverage for Busch Properties, Inc. (BPI) under commercial general liability policies that National Union Fire Insurance Company of Pittsburgh, Pa. (National Union) issued. This matter is before the Court on defendant's motion for additional depositions. The motion has been briefed and is ripe for disposition. For the following reasons, the Court will grant the motion in part and deny it in part.

In May 2013, this Court ordered that the presumptive limits of ten depositions per side would apply in accordance with the parties' agreement. In June 2013, BPI provided its Rule 26 initial disclosures to National Union. Pursuant to Civil Rule 26(a)(1)(A)(i), BPI identified six witnesses employed or retained by BPI and its affiliates that BPI may use to support its claims or defenses. These witnesses were Bill Voliva, Paula Fitch, Joseph Lstiburek, Thomas Knupp, Anthony Taylor, and Mike Roche.

Both sides proceeded with factual and expert discovery. Document production ensued. In March 2014, BPI identified seven fact witnesses as non-retained experts upon whose testimony it intended to rely. Thereafter, National Union deposed BPI experts Joseph Lstiburek, David Bailey, and Michael Matthews, as well as BPI fact witnesses Colleen Becker, Dick Glidden, Tim O'Conner, and Tom Dunn. At the time of the filing of this motion, a corporate deposition of BPI was scheduled and National Union was working to schedule depositions of BPI fact witnesses Tim Henderson, John Tiffany, and Anthony Taylor. Based on these depositions, National Union would reach the presumptive limit of ten depositions.

Two weeks before the scheduled close of discovery, BPI served on National Union supplemental Rule 26 disclosures identifying thirty-one BPI-affiliated witnesses. Of those thirty-one witnesses, BPI had previously identified five of the witnesses as fact witnesses in its initial disclosures and six of the witnesses as "non-retained" experts. Thereafter, National Union filed this motion seeking leave to depose six witnesses – David Bowen, Karen Wallace, Bill Voliva, Patrick Kerr, Bill Pennock, and Mike Shannon. In the alternative, National Union requested that the Court preclude witnesses that were not timely disclosed.

National Union seeks leave to depose the witnesses because to depose any one or more of the witnesses would exceed the limit of ten depositions per side and the date for completion of all discovery has passed. In support of its position, National Union argues that if BPI had provided these disclosures earlier, National Union would have been able to more appropriately prioritize its taking of depositions, and would have been able to

2

seek appropriate relief sooner to the extent the ten deposition limit unreasonably curtailed necessary fact discovery. National Union argues it was entitled to rely upon BPI's representation that the original six BPI witnesses disclosed were the six witnesses most important to BPI in making its case. In that regard, National Union contends it relied upon this information in making its decisions as to which witnesses to depose.

In response, BPI argues there is no valid basis to permit National Union to depose any of these allegedly untimely disclosed witnesses because National Union was aware of all of the witnesses prior to BPI serving its supplemental initial disclosures. BPI points out that Bill Voliva, one of the witnesses National Union now seeks to depose, was included on BPI's initial disclosures. Further, for each of the six witnesses at issue, BPI cites to documents produced during discovery and deposition testimony that identify the witnesses.

Moreover, BPI maintains that National Union's own interrogatory responses and expert reports reveal that there was no surprise and that any purported late disclosure was harmless because National Union had previously learned of these individuals during discovery. In fact, National Union identified five of the six witnesses in its own interrogatory responses as persons with knowledge of the facts of this case. Specifically, National Union identified Karen Wallace, Bill Voliva, Patrick Kerr, Bill Pennock, and Mike Shannon in its answers dated December 26, 2013 to BPI's first set of interrogatories to National Union.

The Court finds that National Union was aware that Karen Wallace, Bill Voliva, Patrick Kerr, Bill Pennock, and Mike Shannon had knowledge of the facts of this case

3

through BPI's initial disclosure (Bill Voliva) or document production and deposition testimony (Karen Wallace, Bill Voliva, Patrick Kerr, Bill Pennock, and Mike Shannon) and as evidenced by National Union's own discovery responses in December 2013. Further, the Court does not find it credible that National Union relied solely on BPI's disclosures to believe there were only six fact witnesses and seven non-retained experts with important or material information. The parties had been involved in this matter for nearly ten years when discovery was conducted in this case. According to BPI, it alone has produced 84,456 documents. BPI seeks reimbursement for $11.3 million from National Union. Based on these facts and the filings in this matter, this Court assumes National Union has conducted a thorough investigation of BPI's claim and did not, in its discovery efforts, rely merely on BPI's initial and expert disclosures. For the foregoing reasons, the Court will deny National Union's request to depose Karen Wallace, Bill Voliva, Patrick Kerr, Bill Pennock, and Mike Shannon following the close of discovery and in excess of the ten deposition limit. Further, the Court will not exclude testimony from these witnesses.

However, as to David Bowen, it is clear that he was not included in the initial disclosures and he was not named by National Union in its discovery responses as a person with knowledge of the facts. According to National Union, prior to June 30, 2014, BPI had principally disclosed that Bowen was someone for whose communications and files BPI claimed attorney-client privilege and attorney work product protection. In BPI's supplemental disclosures, BPI identified Bowen as an "Anheuser-Busch/BPI Corporate" witness with knowledge of BPI's 2003 mold investigation, potential mold

claims against BPI, remediation efforts, relationships between BPI and various homeowners' associations, and "the legal exposure BPI faced due to the mold problem." Because BPI previously appeared to be claiming privilege with regard to matters dealing with Bowen and then included him in its supplemental disclosures as a witness with knowledge of significant issues in this matter, the Court will allow National Union to depose Bowen following the close of discovery and in excess of the ten deposition limit.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for additional depositions (ECF #49) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent that National Union shall be allowed to take the deposition of David Bowen. BPI shall produce David Bowen within ten days of this Order. In all other respects, the motion is denied as set forth above.

Dated this 7th day of October, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE